UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY MORRISON,<br><br>    Defendant. | Case No. 20-cv-02580-JST<br><br>**ORDER OF SERVICE**<br><br>Re: ECF No. |

Plaintiff, an inmate at California Correctional Institution in Tehachapi, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

Plaintiff alleges that, on May 9, 2017, while housed at Salinas Valley State Prison ("SVSP"), he was assisting a Spanish-speaking inmate prepare legal papers when SVSP officer Morrison assaulted him. Plaintiff was handcuffed and although he did not resist the correctional officers, Officer Morrison lost his temper and hit him with a closed fist at full force on the back of his head while yelling foul language. ECF No. 1 at 3. Plaintiff argues that the assault caused him "atypical and significant hardships of trauma." *Id.* Liberally construed, the complaint states a cognizable claim for use of excessive force in violation of the Eighth Amendment.[1] *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (unnecessary and wanton infliction of pain constitutes cruel and

---

[1] However, it appears that plaintiff has not met the exhaustion requirement set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust available administrative remedies prior to bring suit pursuant to 42 U.S.C. § 1983), and/or the principles of *Younger* abstention or *O'Shea* abstention compel the Court to abstain from considering this claim, *see Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances); *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992) (*O'Shea v. Littleton*, 414 U.S. 488 (1974), stands for general proposition that federal courts "should be very reluctant to grant relief that would entail heavy federal interference in such sensitive state activities as administration of the judicial system."). Plaintiff states that he has not exhausted his administrative remedies with respect to this claim because the incident "is now at a pre-trial stage in Monterey County Superior Court [Case No.] 17cr003094 and therefore the administrative process is on 'hold' until the outcome of this case." ECF No. 1 at 3.

1  unusual punishment forbidden by Eighth Amendment); *Hudson v. McMillian*, 503 U.S. 1, 6
2  (1992) (core judicial inquiry is whether force was applied in good-faith effort to maintain or
3  restore discipline, or maliciously and sadistically to cause harm).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Liberally construed, the complaint states a cognizable Eighth Amendment claim against defendant SVSP Officer Morrison. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF No. 1), with all attachments thereto, and a copy of this order upon **defendant Officer Anthony Morrison at Salinas Valley State Prison, 31625 Highway 101, Soledad CA 93960**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than 28 days from the date the

---

[2] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1  motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment
2  provided later in this order as he prepares his opposition to any motion for summary judgment.
3           c.      Defendant shall file a reply brief no later than 14 days after the date the
4  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
5  hearing will be held on the motion.
6      3.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the
7  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
8  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
9  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
10 any fact that would affect the result of your case, the party who asked for summary judgment is
11 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
12 makes a motion for summary judgment that is properly supported by declarations (or other sworn
13 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
14 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
15 as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and
16 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
17 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
18 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.
19 Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does
20 not excuse defendant's obligation to serve said notice again concurrently with a motion for
21 summary judgment.  *Woods*, 684 F.3d at 939).
22     4.      All communications by plaintiff with the Court must be served on defendant's
23 counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard
24 any document which a party files but fails to send a copy of to his opponent. Until defendant's
25 counsel has been designated, plaintiff may mail a true copy of the document directly to defendant,
26 but once defendant is represented by counsel, all documents must be mailed to counsel rather than
27 directly to defendant.
28

United States District Court
Northern District of California

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 27, 2020



JON S. TIGAR
United States District Judge